IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-MJ-1680-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES P. WAINSCOAT, | ) | |
| | ) | |
| Defendant. | ) | |

James P. Wainscoat ("Wainscoat" or defendant") appeals his conviction for trespassing by

reentry on government property in violation of 18 U.S.C. § 1382. See [D.E. 32]; Fed. R. Crim. P.

58(g); 18 U.S.C. § 3402. United States Magistrate Judge Swank presided at Wainscoat's trial,

found him guilty of trespassing by reentry on Fort Bragg Military Reservation, and sentenced him

to a $500 fine and a $10 special assessment. See [D.E. 28]. On appeal, Wainscoat's counsel

concluded that there are no meritorious grounds for appeal. See [D.E. 32]; Anders v. California, 386

U.S. 738 (1967). The government asks the court to affirm Wainscoat's conviction and sentence.

See [D.E. 34]. On September 14, 2017, the court heard oral argument. As explained below, the

court affirms Wainscoat's conviction and sentence.

I.

On January 11, 2017, Wainscoat was charged with misdemeanor trespassing on the Fort

Bragg Military Reservation on March 12, 2016, for one or more purposes prohibited by law (count

one) and misdemeanor trespassing on the Fort Bragg Military Reservation on March 14, 2016, by

reentering Fort Bragg after having been removed or ordered not to reenter (count two). See [D.E.

13]; 18 U.S.C. § 1382. The maximum penalty for each charge is 6 months' confinement, a $5,000

fine, and a $10 special assessment. See 18 U.S.C. § 1382.

On June 6, 2017, Judge Swank held a bench trial. Chief Daniel Bjorklund (Chief of the Fort Bragg Police Department) and military police officers Leslie Langford, Brandon Holland, and Rachel Brown testified for the government. See [D.E. 28]. There were no defense witnesses. The court found Wainscoat not guilty on count one (trespass for prohibited purpose) and guilty on count two (trespassing by reentry). See id. at 83–86. The court ordered Wainscoat to pay a $500 fine and a $10 special assessment. Id. at 86–88.

On June 21, 2017, Wainscoat filed a notice of appeal. See [D.E. 27]. On July 20, 2017, the official transcript of the trial was filed with the court. See [D.E. 28].

Section 1382 provides that:

> Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station or installation, for any purpose prohibited by law or lawful regulation; or
> Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof -
> Shall be fined under this title or imprisoned not more than six months, or both.

18 U.S.C. §1382. To prove violation of the second clause of section 1382 (the reentry clause), the government need not prove intent. See Holdridge v. United States, 282 F.2d 302, 310 (8th Cir. 1960) ("We therefore regard [section]1382's second paragraph as falling into that category where. . . intent may be properly omitted as an element of the offense."). Moreover, a defendant's subjective belief that his reentry onto a military base was not improper is not a defense under section 1382's reentry prong. See United States v. Albertini, 472 U.S. 675, 683 (1985). In Albertini, respondent was barred from entry onto a military base after he and a companion entered the base in 1972 and destroyed government property. Id. at 677–78. Nine years later, respondent entered the base and demonstrated against nuclear weapons. Id. Respondent was convicted under 18 U.S.C. §1382 of reentry onto a military base after having been ordered not to reenter. Respondent raised

numerous objections on appeal, including that he lacked notice that his bar from entry was still

effective almost a decade later and that the bar violated the First Amendment. The Supreme Court

rejected these arguments and upheld the conviction. Id. at 682–84, 688–89.

This case fits comfortably within the text of section 1382's reentry clause. On March 12,

2016, Fort Bragg authorities notified Wainscoat that he was trespassing, cited him for trespassing,

removed him, and orally ordered him not to reenter. See [D.E. 28] 7–13, 20–30, 32–38, 41. On

March 14, 2016, Wainscoat intentionally reentered Fort Bragg "after having been removed" and

thereby violated section 1382's reentry clause. See 18 U.S.C. § 1382; [D.E. 28] 42–74, 85.

In opposition to this conclusion, Wainscoat argues that he never received a letter from Fort

Bragg's commander barring him from reentry after the incident of March 12, 2016, but before the

incident on March 14, 2016. However, the fact that Wainscoat did not receive a letter from Fort

Bragg's commander barring him from Fort Bragg after the March 12, 2016 incident but before the

March 14, 2016 incident does not affect his conviction on count two. In light of Wainscoat's

removal from Fort Bragg on March 12, 2016, Wainscoat's conduct in intentionally reentering Fort

Bragg on March 14, 2016, violated 18 U.S.C. § 1382. Simply put, 18 U.S.C. § 1382's reentry clause

does not require a written bar order from the post commander. See, e.g., United States v. Vasarajs,

908 F.2d 443, 447 n.7 (9th Cir. 1990); United States v. Parrilla Bonilla, 648 F.2d 1373, 1378 (1st

Cir. 1981).

To the extent that Wainscoat challenges the sufficiency of the evidence on count two, the

argument fails. The evidence was sufficient. See, e.g., United States v. Cornell, 780 F.3d 616, 630

(4th Cir. 2015); United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011); United States v.

Ashley, 606 F.3d 135, 138 (4th Cir. 2010). Finally, to the extent Wainscoat requests to testify during

this appeal [D.E. 36], the request comes too late and is denied. See Fed. R. Crim. P. 58(g); cf. [D.E.

28] 74–75 (defense declined to present evidence during the trial).

II.

In sum, the judgment is AFFIRMED. The stay [D.E. 33] is DISSOLVED, and Wainscoat's

motion to testify [D.E. 36] is DENIED.

SO ORDERED. This 14 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge.